# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § § | **CRIMINAL NO. 6:07-cr-95-LED-JDL** |
| **STEVEN LEMOND DARDEN** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 19, 2015, the Court conducted a hearing to consider the government's Petition to revoke the supervised release of Defendant Steven Darden. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Craig Bass.

On April 2, 2009, Defendant was sentenced before U.S. District Judge Leonard Davis after pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Defendant was sentenced to 60 months imprisonment and 3 years supervised release, subject to the standard conditions of release, and mandatory conditions including, in pertinent part, that Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. On April 18, 2014, Defendant completed the term of imprisonment and began his period of supervised release.

In Allegation No. 2 of its Petition, the government alleges in pertinent part that Defendant violated the terms of supervised release when Defendant submitted urine specimens that tested

positive for cocaine on July 9 and October 20, 2014, and marijuana on October 20, 2014. Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, Defendant will be in violation of Texas Health and Safety Code §481.115, and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the February 19, 2015 hearing, the parties represented that they had reached an agreement whereby Defendant would plead true to the positive marijuana test in Allegation No. 2, and in exchange the government would recommend that Defendant be committed to the Bureau of Prisons for 14 months with no supervised release to follow. Despite the parties' recommendation, the Court found this term of imprisonment insufficient to address the circumstances of this case. For example, during the preliminary stages of Defendant's case, the Court granted Defendant's Motion for a Determination of Mental Competency (Doc. No. 454) and ordered a mental health evaluation to determine Defendant's competency to stand trial (Doc. No. 455). The evaluation not only revealed that Defendant was competent to stand trial, but that he was "intentionally malingering symptoms [of mental illness] for some external motivation." (Doc. No. 581 at 9). Subsequently, Defendant pleaded guilty to the offense of Possession with Intent to Distribute Cocaine Base. The offense level, based on Defendant's career offender status, coupled with Defendant's criminal history category of VI, resulted in a guideline range of 151 to 188 months imprisonment. However, Defendant was sentenced to a term of only 60 months, pursuant to a Rule 11(c)(1)(C) plea agreement. Within months of being released from

prison, Defendant returned to engaging in criminal activity, submitting a urine specimen testing positive for cocaine on July 9, 2014. Defendant submitted a urine specimen that again tested positive for cocaine and marijuana on October 20, 2014. Other allegations in the Petition assert that Defendant was arrested for Assault Caused Bodily Injury Family Violence on November 5, 2014, and was arrested again on November 29, 2014 for Criminal Mischief and Evading Arrest. In addition, when arrested on November 29, 2014, Defendant admitted to using synthetic marijuana, or "K2". As a whole, Defendant's consistent pattern of behavior compels the conclusion that a more severe punishment is necessary to accomplish the objectives of post-release supervision.

Upon declining the parties' recommendation, the Court considered Allegation No. 2 of the Petition, concerning Defendant's urine specimens testing positive for cocaine. Rather than pleading true to this allegation, Defendant chose to proceed to a contested hearing. During the hearing, the Court took judicial notice of the materials provided by the U.S. Probation Office, containing documentation that Defendant tested positive for cocaine on July 9 and October 20, 2014, along with Defendant's signed admissions that he had used cocaine. Defendant took the witness stand and testified that he was not using cocaine at the time the tests were taken, Hearing Tr. at 2:47:48, and that the Probation Officer, Glenn Filla, threatened to "lock him up" if he did not admit to using cocaine. Hearing Tr. at 2:48:50-2:49:05; 2:53:02. Defendant also stated that he admitted to using cocaine, but only because his girlfriend had put it in his drink, Hearing Tr. at 2:51:26, and that the day after he submitted the October 20, 2014 urine sample testing positive for cocaine and marijuana, he submitted a urine sample that tested negative for cocaine and marijuana. Hearing Tr. at 2:53:06. Mr. Filla then took the stand and testified that Defendant

admitted to using cocaine, and that he did not threaten the Defendant in order to obtain the foregoing admissions. Hearing Tr. at 2:58:30.

Based on the documentation provided by the U.S. Probation Office, and the testimony at the hearing, the Court finds by a preponderance of the evidence the allegations that Defendant tested positive for cocaine on July 9 and October 20, 2014 are true. Accordingly, the Court finds that Defendant is guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. As observed above, considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Steven Darden be committed to the custody of the Bureau of Prisons for 21 months with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 3rd day of March, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE